IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Priscilla Gray-Hampton, ) | |
| ) | C/A No.: 0:06-3088-JFA-BM |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Priscilla Gray-Hampton, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB").

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. In the Report and Recommendation, the Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence as stated by the plaintiff. This court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report and Recommendation. The plaintiff filed objections within the time limits prescribed by the local rules of this district. The Commissioner filed a response to the plaintiff's objections. Thus, it appears the matter is ripe for review by this court.

I.    BACKGROUND AND PROCEDURAL HISTORY

The plaintiff applied for disability insurance benefits ("DIB") alleging disability as of June 15, 2001 due to chronic back pain, headaches, depression, general anxiety disorder, and trigger finger. She was 39 years old when she alleges she became disabled. She has a high school education with past relevant work experience as an aircraft maintenance specialist, bartender, bus driver/assistant teacher, substitute teacher, assembly line worker, laundry presser, ATM technician, disc jockey, and television host/producer.

The plaintiff's application for DIB was denied initially and upon reconsideration. She was granted a hearing before an ALJ who concluded that plaintiff was not disabled. The Appeals Council adopted the ALJ's decision denying benefits, making it the Commissioner's final decision.

II.   STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th

Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  Id. at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  Vitek, 438 F.2d at 1157-58.

III. DISCUSSION

    A.    *The ALJ's Findings*

In his decision of October 26, 2004, the ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of her disability.

3

3. The claimant's impairments of post traumatic stress disorder, depression, anxiety, sciatica, and sinusitis are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: lift and carry twenty pounds occasionally and ten pounds frequently; she can stand or walk for two hours of an eight hour workday; she can perform simple routine work; she must have no contact with the general public; she requires a low stress environment with no decision making; she can have face to face contact with coworkers and a supervisor for one third of the day or less.

7. The claimant is unable to perform and of her past relevant work.

8. The claimant is a younger individual between the ages of 18 and 44.

9. The claimant has a high school (or high school equivalent) education.

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case.

11. The claimant has the residual functional capacity to perform a significant range of light work.

12. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medica-Vocation Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as a garment sorter, and stock checker.

13. The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of this decision.

B.   *Arguments of the Plaintiff and Commissioner; and the Magistrate Judge's Recommendations*

In her complaint, the plaintiff contends that the ALJ erred in (1) failing to properly assess the opinion of plaintiff's treating psychiatrist; (2) failing to properly evaluate plaintiff's mental impairment; (3) failing to adequately explain his findings regarding plaintiff's residual functional capacity (RFC); and (4) failing to properly assess plaintiff's credibility.

The plaintiff first argues that the ALJ erred in failing to properly assess the opinion of plaintiff's treating psychiatrist, Dr. Evans. Specifically, the plaintiff complains that the ALJ's evaluation of "hundreds of pages of evidence relating to plaintiff's mental treatment was limited to several sentences in his decision to deny benefits." Further, the plaintiff argues that the ALJ erred in giving the psychiatrist's opinions little weight and finding such opinions not be supported by the evidence as a whole.

The Magistrate Judge suggests that there is no reversible error in the ALJ's findings, as other medical evidence in the record contradicts the psychiatrist's opinion as to the severity of the plaintiff's mental health. The Magistrate Judge also notes in the Report that much of the severity assigned by Dr. Evans to the plaintiff's condition appears to be based on plaintiff's own description of the severity of her condition rather than on objective evidence. The Magistrate Judge also suggests that the medical records as a whole, including the records of the examining physicians, provide support for the ALJ's decision.

In her objections to the Report, the plaintiff contends that the Magistrate Judge assumes the fact-finding role that is reserved to the Commissioner through the ALJ and that

such post hoc rationale by the Magistrate Judge should be ignored by this court. As noted earlier in this order, review by this court (including the report and recommendations of the Magistrate Judge) is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the ultimate conclusions reached by the Commissioner are legally correct. If there is substantial evidence to support the Commissioner's decision, then this court must affirm the decision. The Magistrate Judge has reviewed all of the evidence in reaching his recommendation and properly exercised his authority in recommending to the court that the Commissioner's decision be affirmed. Plaintiff's objection is without merit.

Plaintiff's next objection is that the ALJ did not properly explain his assessment or provide a rationale as to why the plaintiff's impairments were found to only be moderate despite the treating physician's opinion that such impairments were more severe. The Magistrate Judge suggests, and this court agrees, that while the ALJ's reasons might have been better articulated, such a deficiency is not reversible error. Plaintiff's objection is overruled.

Finally, plaintiff's third objection is that the ALJ did not go into a detailed, function-by-function assessment of the plaintiff's ability to perform light work activity. The ALJ need only articulate how the evidence in the record supports the RFC determination, how the plaintiff is able to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record. As the Magistrate Judge correctly suggests, and this court agrees, the ALJ's discussion and analysis was sufficient to meet the standard in this case.

6

The plaintiff does not specifically object to the Magistrate Judge's recommendation that the ALJ properly considered and evaluated plaintiff's subjective testimony. Therefore, the court will not address this matter.

IV.     CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 3, 2008  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

7